UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 13-10037-JGD |
| BULBTRONICS INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S
MOTION TO DISMISS FIRST AND THIRD COUNTERCLAIMS**

June 26, 2013

DEIN, U.S.M.J.

## I.  INTRODUCTION

This matter is before the court on the plaintiff's motion to dismiss the first and third counterclaims asserted by Bulbtronics, specifically a claim for tortious interference with a business relationship (Count I) and violation of Mass. Gen. Laws ch. 93A. (Count III).  For the reasons detailed herein and in court during oral argument, the motion to dismiss (Docket No. 23) is ALLOWED.  The two counterclaims are dismissed without prejudice.  The defendant is to file any amended counterclaims within fourteen (14) days after the scheduled mediation is completed, if the matter is not settled.

## II.  STATEMENT OF FACTS

The plaintiff, Photographic Illustrators Corporation ("PIC"), has brought an action against Bulbtronics Inc. ("Bulbtronics") alleging, *inter alia*, that Bulbtronics violated

PIC's copyrights by reproducing and distributing PIC's copyrighted photographic images on Bulbtronics' website without permission.  Bulbtronics denies all liability, alleging, *inter alia*, that it had permission to use the images from PIC's licensee, Osram Sylvania.  In addition to denying liability, Bulbtronics has asserted several counterclaims against PIC, namely a claim of tortious interference with Bulbtronics' business relationship with Osram Sylvania (Count I), a claim for a declaratory judgment for non-infringement (Count II), and a claim that PIC violated Mass. Gen. Laws ch. 93A.  (Count III).  PIC has moved to dismiss the first and third counterclaim pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  (Docket No. 23).

The substantive factual allegations asserted by Bulbtronics are contained in ¶ 11 of the counterclaims.  Therein, Bulbtronics alleged as follows:

> 11.   On information and belief, PIC, in bad faith, contacted Osram Sylvania regarding whether Osram Sylvania had authorized or permitted third party use of images for use by resellers of Osram Sylvania products.  Notwithstanding the fact Osram Sylvania did not notify PIC that Bulbtronics was not authorized or not permitted to use the images, and PIC had agreed that Sylvania could license and authorize third-party use of images for use by resellers of Osram Sylvania products, PIC interfered with Bulbtronics and Osram Sylvania's business relationship.

(Docket No. 20).  With respect to its 93A claim, Bulbtronics has alleged as follows:

> 18.   PIC's wrongful actions, conduct, and methods, as described herein, constitute unfair and/or deceptive acts and/or practices in the conduct of trade or commerce, in violation of G.L. c. 93A.

(Id. at ¶ 18)  During oral argument on PIC's motion to dismiss, Bulbtronics represented to the court that it believed that there were a number of additional relevant facts that it would plead in support of its claims if given the opportunity to do so.

### III.  ANALYSIS

When ruling on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), the court must accept as true all well-pleaded facts, and give the plaintiff the benefit of all reasonable inferences.  See Cooperman v. Individual Inc., 171 F.3d 43, 46 (1st Cir. 1999).  Dismissal is only appropriate if the pleadings, so viewed, fail to support "'a plausible entitlement to relief.'"  Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559, 127 S. Ct. 1955, 1967, 167 L. Ed. 2d 929 (2007)).  Nevertheless, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65 (internal citations and punctuation omitted).

Two underlying principles must guide the court's assessment as to the adequacy of the pleadings to support a claim for relief.  Maldonado v. Fontanes, 568 F.3d 263, 268 (1st Cir. 2009).  "'First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'

Such conclusory statements are 'not entitled to the assumption of truth.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009)) (internal citations omitted). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. (citing Twombly, 550 U.S. at 556, 127 S. Ct. at 1966). "This second principle recognizes that the court's assessment of the pleadings is 'context-specific,' requiring 'the reviewing court to draw on its judicial experience and common sense.' '[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief.'" Id. (quoting Twombly, 550 U.S. at 556, 127 S. Ct. at 1966) (internal quotations and citation omitted; alterations in original).

In the instant case, the challenged counterclaims fail because the factual allegations are merely conclusory assertions of wrongdoing. The "threadbare" recitals of wrongdoing are insufficient. However, in light of the representations that Bulbtronics has additional relevant information, which it would include in an amended pleading, the motion to dismiss is allowed without prejudice to Bulbtronics filing amended counterclaims. See Transwitch Corp. v. Galazar Networks, Inc., 377 F. Supp. 2d 284, 290 (D. Mass. 2004) (Leave to amend under Fed. R. Civ. P. 15 "'is freely given when justice so requires' absent an adequate basis to deny amendment such as futility, bad faith, undue delay or a dilatory motive."), and cases cited.

## IV.  CONCLUSION

For the reasons detailed herein, the plaintiff's Motion to Dismiss Counterclaims I and III (Docket No. 23) is ALLOWED.  The two counterclaims are dismissed without prejudice.  The defendant is to file any amended counterclaims within fourteen (14) days after the scheduled mediation is completed, if the matter is not settled.

       / s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge